# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 11-10074-01-EFM

SERGIO ALVAREZ,

    *Defendant.*

## MEMORANDUM AND ORDER

The Government has filed a three-count indictment naming the following three individuals as defendants: (1) Sergio Alvarez, (2) Mario Alvarez, and (3) Mariano A. Herrera. Among other things, the indictment in this case alleges that Defendants possessed with the intent to distribute a controlled substance. Now before the Court, on reconsideration, is Defendant Sergio Alvarez's Motion to Compel Discovery (Doc. 25). For the following reasons, the Court again denies Defendant's motion.

### I. Factual and Procedural Background

Sergio Alvarez and his co-defendants are charged with numerous violations of law, including possession with intent to distribute methamphetamine. Law enforcement officers received assistance from a confidential information ("CI") during their investigation in this case. Alvarez moved this Court to compel the government to disclose the CI's identity. The Court initially denied Alvarez's motion to compel discovery, but upon further review of sealed filings, granted Alvarez's

motion to reconsider and held an *in camera* hearing on the motion. Having heard testimony from the CI and law enforcement officers, the Court again denies Alvarez's motion to compel disclosure of the CI's identity.

## II. Legal Standard

Pursuant to *Brady v. Maryland*, the government is obligated to disclose "evidence favorable to an accused upon request."[1] The affirmative duty to disclose includes exculpatory and impeachment evidence.[2] To protect public safety and promote effective law enforcement, "the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts."[3] But this privilege must yield to the defendant's constitutional right to fundamental fairness and due process of law.[4] Consequently, CI's identity must be revealed "[w]here the disclosure . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."[5] When deciding whether to disclose the identity of a CI, courts must consider the particular facts of the case, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."[6] In sum, courts must "balance the public interest in protecting the flow of information

---

[1] 373 U.S. 83, 87 (1963).

[2] *See United States v. Bagley*, 473 U.S. 667, 676 (1985).

[3] *United States v. Vincent*, 611 F.3d 1246, 1251 (10th Cir. 2010) (citation omitted) (internal quotation marks omitted).

[4] *See Rovario v. United States*, 353 U.S. 53, 60 (1957).

[5] *Id.* at 60–61.

[6] *Id.* at 62, *accord United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) (finding that it was not error for the district court to withhold a CI's identity when the CI merely facilitated a drug transaction between the defendant and law enforcement officers).

against the individual's right to prepare his defense."[7] The defendant bears the burden of demonstrating to the court that disclosure of a CI's identity is necessary to the defense.[8]

### III. Analysis

After considering testimony heard *in camera*,[9] this Court concludes that Alvarez has not met his burden to compel disclosure. The CI's identity and testimony in this case will not assist Alvarez in his defense against the pending charges. The Court finds that the CI's involvement in the events leading to Alvarez's arrest and the underlying crime was immaterial.[10] As such, the CI has no information that would exculpate Alvarez and his co-defendants. In fact, if the CI were to be believed,[11] the CI's testimony is likely to further inculpate Alvarez.[12]

On the other hand, several factors weigh in favor of maintaining the informant's anonymity. First, Alvarez and his co-defendants are charged with the possession and sale of drugs. "Narcotics cases are well known to be accompanied by violence and threats of violence," and maintaining the

---

[7] *Vincent*, 611 F.2d at 1251 (citation omitted) (internal quotation marks omitted).

[8] *See United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992).

[9] *See Gaines v. Hess*, 662 F.2d 1364, 1369 (10th Cir. 1981) (stating that *in camera* hearings are appropriate when determining whether disclosure is required).

[10] The Tenth Circuit has described categories of informants along a spectrum of the informant's involvement with the underlying crime. *See United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990). Applying these categories, the Circuit has "consistently held that where the informer was not a participant in the illegal transaction, no disclosure is required." *United States v. Holmes*, 311 Fed. App'x 156, 162 (10th Cir. 2009) (citing *Mendoza-Salgado*, 964 F.2d at 1000–01 (10th Cir. 1992); *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987); *United States v. Freeman*, 816 F.2d 558, 562 (10th Cir. 1987); *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986)).

[11] The Court has reservations regarding the CI's credibility.

[12] *See, e.g.*, *United States v. Allen*, 353 Fed. App'x 352, 356 (11th Cir. 2009) (holding that it was not a *Brady* violation for the government to withhold evidence of a CI's credibility when the CI's testimony would further inculpate the defendant).

safety of witnesses is an important public interest.[13]  Second, effective law enforcement relies on "the obligation of citizens to communicate their knowledge of the commission of crimes" and preserving anonymity "encourages them to perform that obligation."[14]  Because the value of the CI's testimony to Alvarez's defense "remains speculative at best,"[15] and the government has a strong interest in maintaining the informant's anonymity, the Court finds that Alvarez has not met his burden to compel disclosure of the CI's identity.

**IT IS ACCORDINGLY ORDERED** this 19th day of October, 2011 that Defendant's Motion to Compel Discovery (Doc. 25) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *United States v. Boone*, No. 02-1185, 2003 WL 841088, at *5 (S.D.N.Y. Mar. 6, 2003), *aff'd* 120 Fed. App'x 868 (2nd Cir. 2005), *cert. denied Boone v. United States*, 546 U.S. 921 (2005); *see also United States v. Smith*, No. 05-40065-01-RDR, 2006 WL 2714276, at *2 (D. Kan. Sept. 22, 2006).

[14] *Roviaro*, 353 U.S. at 59.

[15] *Mendoza-Salgado*, 964 F.2d at 1001.